**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| BOBBY MICHAEL DENNIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:26-cv-194-JDK-KNM |
| | § | |
| CHRIS DAY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Bobby Michael Dennis, an inmate currently confined in the Cherokee County Jail proceeding pro se, filed this lawsuit complaining of alleged deprivations of his constitutional rights. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. The named Defendants are Judge Chris Day, an unknown Cherokee County magistrate, Sheriff Brent Dickson, and unknown officers of the City of Jacksonville Police Department.

On June 3, 2026, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss this case against the judicial officer Defendants named in this case with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Docket No. 13. The Report further recommended closing the remaining portion of the case for administrative and statistical purposes given the ongoing criminal proceedings against Plaintiff. *Id.* Plaintiff objected. Docket Nos. 17 & 18.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Services, LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

In his objections, Plaintiff seems to assert that the doctrine of judicial immunity is unconstitutional. *See* Docket No. 18. Plaintiff relies on *Rodrigues v. Donovan* and *Penhallow v. Doanes' Administrators,* to suggest that "corporations do not have authority over natural living men" and that he did not give consent to contract with the government. *Id.* at 2. He proceeds by stating that the United States Government was found guilty of crimes against humanity in 2022 and was dissolved by the President in 2025. Docket No. 18 at 3. These objections are nothing more than frivolous arguments often advanced by so-called sovereign citizens. *See e.g., Pilkey v. Duyck*, 2025 WL 2698007, at *3 (N.D. Tex. Aug. 26, 2025), *report and recommendation adopted sub nom. Pileky v. Duyck*, 2025 WL 2697830 (N.D. Tex. Sept. 22, 2025) (rejecting plaintiff's "sovereign citizen-like argument" as "patently frivolous"). Courts have repeatedly rejected similar arguments as entirely baseless. *See Berman v. Stephens*, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases). Plaintiff's objections lack merit and are overruled.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly,

it is **ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 13) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's claims against Judge Day and the unknown magistrate are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. These Defendants are dismissed as parties to the lawsuit. It is further

**ORDERED** that the remaining claims in the lawsuit are **STAYED** and this civil action is closed for administrative and statistical purposes until such time as the criminal charges against Plaintiff which are implicated by this lawsuit are resolved. The administrative closing of this case shall not prejudice the rights of the Plaintiff or the Defendants to proceed with this case at such time as further proceedings are practicable. It is further

**ORDERED** that while this case is administratively closed, the Plaintiff Bobby Michael Dennis is limited to filing: (1) a motion to reopen; (2) a motion to dismiss some or all of the remaining defendants; (3) a notice of change of address; or (4) status reports concerning the criminal charges against him. Should Plaintiff obtain counsel to represent him in this civil case, the attorney may file a notice of appearance. Any assessed filing fees may be paid. Any other motion, letter, or other document received from Plaintiff outside of these shall be returned unfiled by the Clerk. It is further

**ORDERED** that the Plaintiff Bobby Michael Dennis is responsible for requesting that the lawsuit be reopened when the criminal cases implicated by this

3

lawsuit have been resolved, whether by conviction, acquittal, dismissal of the charges, or in some other manner. During the time the case is administratively closed, Plaintiff shall furnish a status report to the Court every 90 days on the progress of the criminal prosecution against him, with the first such report being due on October 1, 2026, and every 90 days thereafter until the criminal prosecution is resolved in some way. Failure to provide a status report may result in the dismissal of the lawsuit for failure to prosecute or to obey an order of the Court. All motions not previously ruled upon are **DENIED**.

So **ORDERED** and **SIGNED** this **19th** day of **July, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4